Filed 9/24/24  P. v. Struggs CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CEDRIC LYNN STRUGGS,<br><br>    Defendant and Appellant. | F087265<br><br>(Super. Ct. No. SC021518B)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

In 1981, a jury convicted petitioner Cedric Lynn Struggs[1] with the first degree murder (Pen. Code, §§ 187, subd. (a), 189; first count)[2] of Alfred Joe Dishman. For this offense, the trial court sentenced petitioner to a term of 25 years to life with an additional one-year term for a firearm enhancement (§ 12022, subd. (a)). (*People v. Struggs* (Jan. 24, 1983, 15006 [nonpub. opn.] (*Struggs I*).)

In 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to former section 1170.95 (now § 1172.6).[3] After conducting an evidentiary hearing, the trial court applied a "sufficiency of the evidence" standard and denied relief on the ground petitioner was a major participant in the offense who acted with reckless indifference to human life, a disqualifying factor pursuant to section 1172.6. (*People v. Struggs* (May 27, 2022, F082234 [nonpub. opn.] (*Struggs II*).)

Subsequently, this court held "the trial court erred in requiring the People to meet the burden of 'sufficiency of the evidence,' rather than the burden of beyond a reasonable doubt, which is required at the [former] section 1170.95, subdivision (d) evidentiary hearing." (*Struggs II*, *supra*, F082234.) Accordingly, we remanded the matter "for further proceedings under [former] section 1170.95, subdivision (d) …." (*Ibid*.) On remand, the trial court granted petitioner's section 1172.6 petition and resentenced him on the remaining offenses. Petitioner filed a timely appeal.

On March 19, 2024, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), asking this court to independently review the entire record on appeal. On June 17, 2024,

---

[1] Petitioner's true name is "Cedric Lynn Veasey."

[2] All further references are to the Penal Code.

[3] Former section 1170.95 has been renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

petitioner filed a " '[s]upplemental [b]rief' " making several allegations of errors that occurred during his 1981 trial.

Because the trial court granted the section 1172.6 petition and vacated petitioner's first degree murder conviction and resentenced him as to the remaining offenses, there is nothing else for this court to address. Accordingly, we affirm the court's ruling.

## PROCEDURAL BACKGROUND[4]

### I.     Underlying Charges and Convictions

In *Struggs II*, we previously summarized the procedural background regarding petitioner's convictions as follows:

"On September 16, 1980, the Kern County District Attorney filed an information charging petitioner with the first degree murder of Dishman (§ 187, subd. (a); first count), with the special circumstances that the murder was committed in the commission or attempted commission of robbery (§ 190.2, former subd. (a)(17)(i)) and burglary (§ 190.2, former subd. (a)(17)(vii)), along with a firearm enhancement (§ 12022, subd. (a)); assault with a deadly weapon, to wit:  a .22-caliber revolver (§ 245, former subd. (a); second count (Nettie [S.]));[5] robbery (§ 211; third count (Dishman & Nettie)) with a firearm enhancement (§ 12022, subd. (a)); and burglary (§ 459; fourth count) with a firearm enhancement (§ 12022, subd. (a)).

"On February 27, 1981, a jury convicted petitioner of first degree murder (§ 187, subd. (a); first count), assault with a deadly weapon (§ 245, former subd. (a); second count), robbery (§ 211; third count), and burglary (former § 459; fourth count) and found true all enhancements and special circumstances.  On March 27, 1981, the trial court struck the special circumstances and sentenced petitioner on the first count to a term

---

[4]     The facts underlying petitioner's 1981 conviction are irrelevant to resolving the issues on appeal.  We will not summarize the facts in this opinion.

[5]     Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names.  No disrespect is intended.

of 25 years to life, plus a consecutive one-year term for the firearm enhancement (§ 12022, subd. (a)).  On the second count, the … court sentenced petitioner to the upper term of four years, but stayed the term pending completion of the sentence on the first count.  On the third count, the … court sentenced petitioner to the upper term of five years, but stayed the term pending completion of the sentence on the first count.  On the fourth count, the … court sentenced petitioner to the upper term of three years, but stayed the term pending completion of the sentence on the first count.  The aggregate term to be served was 26 years to life.

"On appeal, the Court of Appeal affirmed.  ([*Struggs I*], *supra*, 15006.)." (*Struggs II*, *supra*, F082234.)

## II. <u>Section 1172.6 Petition</u>

"On February 14, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to [former] section 1170.95.  In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.  He also requested the court appoint counsel during the resentencing process and stated that he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony; and that the murder victim was not a peace officer acting in the performance of his or her duties." (*Struggs II*, *supra*, F082234, fn. omitted.)

"On August 12, 2020, the trial court held a hearing on the petition.  The court provided its tentative ruling that petitioner had made a prima facie case because he

4.

'participated in the planning of the robbery, but didn't look like, in this case, they were planning on murdering.' The court further stated petitioner was not the actual shooter or murderer. The prosecutor agreed petitioner was not the actual killer, and pointed out that the special circumstances were found true but were stricken. The prosecutor also noted that, due to the nature of the jury instructions given, the 'normal ruling regarding the special circumstances does not apply.' The court then found that a prima facie case had been made and ordered that the matter be set for an evidentiary hearing." (*Struggs II*, *supra*, F082234.)

### III.    First Evidentiary Hearing (§ 1172.6, subd. (d)(3))

The trial court conducted the first evidentiary hearing and concluded the prosecution's burden of proof is " 'much like the motion for a new trial, whether a jury— there's evidence that a reasonable jury could find beyond a reasonable doubt that the [petitioner] is not eligible.' " (*Struggs II*, *supra*, F082234.) On appeal, both parties agreed the court erred because it "was required to independently consider admissible evidence that was admitted at any prior hearing or trial and conclude whether the [prosecution] proved beyond a reasonable doubt petitioner is guilty of murder under the law as amended by Senate Bill No. 1437 [(2017–2018 Reg. Sess.)]." (*Struggs II*, *supra*, F082234.) Accordingly, this court reversed and remanded for further proceedings under section 1172.6, subdivision (d). (*Ibid*.)

### IV.    Second Evidentiary Hearing (§ 1172.6, subd. (d)(3))

On remand, the trial court conducted a second evidentiary hearing. The prosecution filed a brief opposing dismissal and resentencing pursuant to section 1172.6 because the petitioner was a major participant who acted with reckless indifference to human life. Trial counsel argued petitioner was entitled to resentencing because he no longer could be convicted of murder under the current law. The court considered the parties' briefing and subsequent arguments and made the following ruling:

"[Petitioner's] protestations that he was not present when the crimes were committed are not persuasive. An abundance of evidence, including [petitioner's] own admissions, establish that he was present and participated in the underlying crimes of robbery and burglary. Therefore, [petitioner] certainly seems to qualify as a major participant in the robbery and burglary.

"In addition, some evidence does tend to support the inference that [petitioner] acted with reckless indifference to human life and perhaps even anticipated the murder. For example, he apparently did not express any surprise, dismay, or objection with the shooting either at the scene or afterward when he continued to befriend the actual shooter; he did not render any aide to the victim of the shooting; he immediately fled the crime scene along with the other two perpetrators.

"These inferences of guilt, however, tend to be equaled or perhaps even outweighed, by other facts that support the opposite conclusion. For example, there is no evidence to suggest that [petitioner] used or possessed a gun during the commission of the crimes. There is no evidence to suggest that [petitioner] supplied the gun that [Ronald Roberson] used to shoot [Dishman]. There is some implicit, but no explicit, evidence that [petitioner] knew [Roberson] was armed at the time the crimes were committed. The incident happened relatively quickly. There is no evidence to suggest that [petitioner] did or said anything to encourage or facilitate the shooting itself. Although [petitioner] was present in the store when the shooting took place, he was not in the immediate vicinity of [Roberson] and [Dishman]. Perhaps most significantly of all, the shooting seemed to have been spontaneous. When [petitioner] confided in his friend (and soon to be star prosecution witness) [Larry] Hickman, [petitioner] repeatedly stated that he only thought they were going to scare the store clerk, grab the money, and then run. [Petitioner] specifically told [Hickman] that the only reason [Roberson] shot the store clerk was because the clerk had a 'grin' and did not release the money when [Roberson] demanded it. The Court finds these statements to be particularly weighty because they were elicited by the prosecutor on direct examination of [Hickman], in non-leading questions, at a time when the distinction between the intent to commit murder and the intent to commit robbery was not particularly relevant (i.e. because the felony murder rule and the natural and probable consequences doctrine were in effect). The statements [petitioner] made to [Hickman] that he and the other two perpetrators only intended to commit robbery therefore do appear to be credible and are consistent with the overall facts established in this case.

6.

"In addition, [petitioner] apparently suffered from unusually low mental capacity during the time these crimes were committed. Although this Court has some reservations about delving too deeply into this issue, the fact is that the law has changed regarding this topic. In the early 1980s, the mental state of a co-defendant charged under a felony murder theory was arguably not relevant in the guilt phase of the case. Under a felony murder theory, it was appropriate to hold [petitioner] responsible for the killing solely because he participated in the underlying crimes of robbery and burglary. His comprehension level was not a significant factor in deciding guilt. Therefore, the evidence of [petitioner's] limited mental capacity was not admitted until the sentencing, at which time the Court did have some discretion to consider this information. However, now that [petitioner] can only be held liable for murder if he acted with reckless indifference to human life, his mental capacity to understand the risks created by his behavior does become relevant in the guilt phase.

"Similarly, [petitioner] turned eighteen years old approximately two months before the crimes were committed. At the time of the offense and subsequent trial, a defendant's relative youth was not considered to be a significant factor as long as the defendant had reached the age of majority (i.e. eighteen). Since this conviction, however, scientific investigations accepted by the appellate courts have established that the frontal lobe of the brain does not fully develop until the age of 25. Therefore, [p]etitioner's relative youth at the time of the crimes is relevant.

"When reviewing the evidence and arguments of the parties in light of the very high standard of proof, it becomes clear that the [prosecution] cannot establish beyond a reasonable doubt that [p]etitioner was the actual killer, acted with an intent to kill, or acted as a major participant in the underlying crimes with reckless indifference to human life. The conviction for first degree murder must therefore be set aside. However, [p]etitioner's convictions for the other three crimes stand. Petitioner will be re-sentenced accordingly. [¶] … [¶]

"Today's ruling is a finding that [petitioner] cannot—beyond a reasonable doubt—be convicted of murder under the current state of the law."

Thereafter, "the petition for resentencing filed by the petitioner … pursuant to [s]ection 1172.6, [was] granted." The first count was set aside and vacated.

## V.     Resentencing

On February 2, 2023, the trial court resentenced petitioner. As to the third count, the court sentenced petitioner to the low term of two years, plus a consecutive one-year term for the firearm enhancement (§ 12022, subd. (a)). As to the second count, the court sentenced petitioner to a one-year term (one-third the middle term of three years), to run consecutive to count 3. As to the fourth count, the court sentenced petitioner to the low term of 16 months, plus a one-year term for the firearm enhancement (§ 12202, subd. (a)), but stayed this sentence pursuant to section 654. The total aggregate sentence imposed was four years. Defendant then filed an appeal.[6]

## VI.     Appellate Counsel Files a *Delgadillo* Brief

Subsequently, appellate counsel filed a brief pursuant to *Wende*/*Delgadillo* from the granting of petitioner's section 1172.6 petition. The brief also included counsel's declaration that she advised petitioner he could file his own brief with the court. Subsequently, on June 17, 2024, this court received petitioner's supplemental brief. Specifically, petitioner alleged numerous errors that occurred during his 1981 trial.

## DISCUSSION

## I.     Appellate Review and *Delgadillo*

In *Delgadillo*, our Supreme Court held a *Wende* analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following "[w]hen appointed counsel finds no arguable issues to be pursued on appeal:

---

[6]     On November 21, 2023, this court "grant[ed] petitioner's request to file a belated notice of appeal." (*In re Cedric Lynn Struggs* (Nov. 21, 2023, F086812 [nonpub. opn.].) The petitioner was ordered "to file, on or before 60 days from the date of this opinion, a notice of appeal in Kern County Superior Court case No. 012151B." (*Ibid.*) Thereafter, on December 5, 2023, petitioner filed a notice of appeal.

(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments in that brief and to issue a written opinion.… If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] … While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

Here, to the extent petitioner intends to challenge his convictions on the ground of repeated errors during his 1981 trial, such arguments would be more appropriately brought, if at all, in a habeas petition rather than on an appeal after a granting of a section 1172.6 petition. (*People v. DeHuff* (2023) 63 Cal.App.5th 428, 438 [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].) To be clear, we express no opinion on whether a habeas petition by petitioner would be either timely or successful; we note only that petitioner's repeated references to trial error have no bearing on his appeal founded upon section 1172.6. Therefore, the trial court's ruling is affirmed.

## DISPOSITION

The trial court's order granting the section 1172.6 petition for resentencing after conducting an evidentiary hearing is affirmed.

9.